# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EDDIE BURT WAGLE,

    Plaintiff,

v.

CORIZON, et al.,

    Defendants.

_____/

Case No. 19-13787

Stephanie Dawkins Davis
United States District Judge

Patricia T. Morris
United States Magistrate Judge

## OPINION AND ORDER OF PARTIAL DISMISSAL AND DENIAL OF MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 3)

On December 26, 2019, *pro se* plaintiff Eddie Burt Wagle filed this civil rights action pursuant to 42 U.S.C. § 1983.  Wagle is a state prisoner in the custody of the Michigan Department of Corrections, currently housed at the Macomb Correctional Facility.  (ECF No. 1).  He names the following defendants: (1) Corizon, (2) Shay Sattler, RN, (3) HUM McCarthy, (4) Jennifer Magda, LPN, (5) Jane Doe, and (6) John Doe.  Wagle's claims of deliberate indifference and failure to train and supervise arise out of Defendants' inadequate treatment of his injuries resulting from a beating by other prisoners while he was housed at the R.G. Cotton Correctional Facility in Jackson, Michigan.  Wagle seeks damages and injunctive relief.  Wagle has also moved for the appointment of counsel for discovery purposes.  (ECF No. 3).

Because Wagle has failed to state a claim for which relief may be granted against Defendants McCarthy, Jane Doe, and Lt. Muzzin, those defendants will be **DISMISSED**. The suit may proceed against the other defendants. Wagle's motion for appointment of counsel will be **DISMISSED WITHOUT PREJUDICE**.

**I.    FACTAL BACKGROUND**

On March 5, 2019, Wagle was in an altercation with two other prison inmates who beat him and kicked in the head and face. (ECF No. 1, PageID.4). Defendant Lt. Muzzin escorted Wagle to health care. (*Id.*) There, Muzzin took pictures of Wagle's injuries and Defendant Nurse Sattler evaluated his condition. (*Id.*) Wagle reported to Sattler that he felt pain in his "nose, left cheek, right side of [his] face" and that he was getting a headache. (*Id.*) Sattler noted that Wagle had a "large lump" under one eye, a shoe-shaped scuff mark over his right eyebrow, and that his knee was bleeding. (*Id.*) Both Muzzin and Sattler asked Wagle if he had lost consciousness, and he responded that he "did not remember going to the ground." (*Id.* at PageID.4-5).

After two hours in a holding cell, Wagle was placed in a segregation unit. On his way there, he told Defendant Officer John Doe that he had a lot of pain in his face and was dizzy. (*Id.* at PageID.5). Doe told him to tell the nurse who would do "rounds" in the unit. (*Id.*)

When Defendant Nurse Magda arrived to give him medication, Wagle told her that he had been in a fight, that he had severe pain in his face along with a headache, and that he "didn't feel right." (*Id*.) His face was visibly swollen and purple. (*Id*.) Magda told Wagle she could do nothing and instructed him to fill out a kite. (*Id*.) That night, Wagle received no pain medication or ice. He was in constant pain and had dizzy spells. (*Id*.)

When Wagle stood up the next morning, he passed out and smashed the left side of his face on the sink of his cell. (*Id*.) Wagle was taken to health care, where medical staff commented on visible fractures in his face, and then transported him to the hospital. (*Id*. at PageID.6). The doctor at the hospital told Wagle he had seven fractures in the left side of his face, a "split" artery in his neck, and a severe concussion. (*Id*.) He was admitted and placed in ICU. (*Id*.) The facial fractures were surgically repaired on March 11, but the location of Wagle's split artery and extent of his other injuries precluded surgery on the artery at that time. (*Id*. at PageID.6-7).

Wagle has been told he remains at risk of severe injury or death because of the arterial condition which cannot been treated. (*Id*. at PageID.6-8). Wagle continues to have constant pain, balancing problems requiring the use of a cane, and nerve damage on the left side of his face. (*Id*. at PageID.8). Wagle was found

3

guilty of fighting and was ordered to pay $4,035.65 for his medical bills related to the March 6 fall. (*Id*. at 7).

By way of relief, Wagle requests reimbursement for the medical care costs he paid, as well as compensatory and punitive damages. (*Id*. at PageID.11-12). He also seeks orders for adequate treatment and medication for his persisting medical issues, and for placement in a non-violent environment to protect him from the risks of further life-threatening injury. (*Id*. at PageID.11).

## II. LEGAL STANDARD

### A. Screening and Pleading Standards

Under the Prison Litigation Reform Act (PLRA), the court must screen for colorable merit every prisoner complaint filed against a state or governmental entity, and is required to dismiss those prisoner actions in which the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). A complaint is frivolous if it lacks an arguable basis in law or fact and may be dismissed if it is "based on legal theories that are indisputably meritless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989)); *see also Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). The dismissal standard under the PLRA is equivalent to that of Federal Rule of Civil Procedure 12(b)(6). *Hill v.*

*Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). When evaluating a complaint under that standard, courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Even so, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 at 555 (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Iqbal*, 556 U.S. at 678. A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* And although the court must accept all well-pleaded factual allegations in the complaint as true, it need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Iqbal*, 556 U.S. at 678.

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). The plaintiff must establish the liability of each individual defendant by that person's own conduct. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

### B. Deliberate Indifference and Municipal Liability Standards

A constitutional claim for the deprivation of adequate medical care requires a prisoner to plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention

where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). Deliberate indifference "has two components, one objective and one subjective." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001), *cert. denied*, 537 U.S. 817 (2002)). The objective component requires a plaintiff to show the existence of a "sufficiently serious" medical need. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To establish a serious need for medical care, "*Farmer* requires only that 'the inmate show that he is incarcerated under conditions posing a substantial risk of serious harm[,]' so as to avoid 'the unnecessary and wanton infliction of pain.'" *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 896 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 834). A serious medical need may be demonstrated by a physician's diagnosis mandating treatment or a condition that "is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. at 897 (citations omitted).

Establishing the second, subjective, component "requires a plaintiff to 'allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.'" *Dominguez*, 555 F.3d at 550 (quoting *Comstock*, 273 F.3d at 703). "Mere negligence or malpractice

is insufficient to establish an Eighth Amendment violation." *Ford v. Cty. of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008) (citing *Bowman v. Corr. Corp. of Am.*, 350 F.3d 537, 544 (6th Cir. 2003)).

In *Monell v. Department of Social Services*, 436 U.S. 658, 692 (1978), the Supreme Court specifically held that liability for deprivation of civil rights cannot be based on a theory of *respondeat superior*, or mere supervisory or municipal liability. However, corporate or institutional liability may "be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights." *Starcher v. Correctional Medical Services*, 7 Fed. App'x 459, 465 (6th Cir. 2001).

### III. DISCUSSION

#### A. Defendant Corizon

Wagle alleges that MDOC healthcare contractor Corizon has no policies or procedures to address inmates' head injuries and that its failure to train its employees prevented them from properly diagnosing and treating his concussion. A government entity may be held liable when execution of its policy causes injury. *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010) (citing *Monell*, 436 U.S. at 694). A private entity which performs a traditional state function under contract to the state, "such as providing medical care to prison inmates[,]" also "may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (citing *West v. Atkins*, 487 U.S. 42, 54

(1988)), *abrogation on other grounds recognized by Warren v. Prison Health Servs., Inc.*, 576 Fed. Appx. 545, 559 (6th Cir. 2014). "'Like a municipality, a government contractor cannot be held liable on a *respondeat superior* theory,' but rather 'for a policy or custom *of that private contractor.*'" *Winkler v. Madison Cty.*, 893 F.3d 877, 904 (6th Cir. 2018) (quoting *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005)) (emphasis in original).

"When the plaintiff alleges supervisory liability based on failure to train and supervise, or based on creation of a policy or custom, the plaintiff must show that the failure to train and supervise or the policy or custom itself amounts to deliberate indifference on the part of the supervisory officials." *Ronayne v. Ficano*, 173 F.3d 856 (6th Cir. 1999) (unpublished) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). And "[w]here the need for training is obvious 'and the inadequacy so likely to result in the violation of constitutional rights,' supervisors and policymakers 'can reasonably be said to have been deliberately indifferent to the need.'" *Grose v. Caruso*, 284 Fed. Appx. 279, 283 (6th Cir. 2008) (citing *Farmer*, 511 U.S. at 841). The Supreme Court itself has acknowledged that even a single incident of a federal rights violation may establish municipal liability under a failure-to-train theory. *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 409 (1997) (citing *City of Canton*, 489 U.S., at 390, and n. 10); *see also Shadrick v. Hopkins Cty., Ky.*, 805 F.3d 724, 738–39 (6th

Cir. 2015); *Essex v. Cty. of Livingston*, 518 Fed. Appx. 351, 355–56 (6th Cir. 2013).

Here, Wagle has asserted that Corizon lacks policies and procedures to address head injuries. That lack resulted in the health care provider's failure to diagnose his serious medical condition, with significant residual injuries. Construing Wagle's complaint liberally and in a light most favorable to him as the court must, the need for training health care providers in caring for head injuries is obvious. Wagle's claim that Corizon has failed to provide that training is plausible. The Complaint may proceed against Defendant Corizon.

### B. Defendants McCarthy and Jane Doe

Wagle asserts that Defendants Jane Doe and McCarthy (first name unknown), nursing supervisor and health care unit manager respectively, failed to supervise medical staff, including Defendant Sattler, and failed to ensure that they were properly trained. Wagle's allegations against these defendants consist only of the assertion of their liability under the above theories. (*See* ECF No. 1, PageID.10). By providing only "'naked assertion[s]' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557), Wagle has failed to meet the notice pleading requirements of Rule 8(a), *Iqbal*, and *Twombly*. Therefore, Wagle has not alleged facts from which the court may conclude these defendants are liable for his injury.

Further, Doe and McCarthy cannot be held liable on these allegations for their failure to supervise and train. The Sixth Circuit has explained that it is important not "to conflate a § 1983 claim of individual supervisory liability with a claim of [institutional] liability." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). "For individual liability on a failure-to-train or supervise theory, the defendant supervisor must be found to have 'encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Essex v. Cty. of Livingston*, 518 Fed. Appx. 351, 355 (6th Cir. 2013) (citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)) (internal quotation marks omitted). Indeed, "[a]t a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Id*. (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).

By contrast, the same type of claim against a municipality or other institutional defendant is a "broader claim" regarding its customs or policies. *Id*. (citations omitted). "Such claims do not require direct participation in or encouragement of the specific acts; rather, these claims may be premised on a failure to act." *Id*. (citing *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012)).

Even construed liberally, the complaint has alleged no specific actions by McCarthy or Jane Doe that would permit a finding of individual supervisory liability. These defendants will be dismissed.

### C.  Defendant Corrections Officers Lt. Muzzin and John Doe

Wagle claims Defendant Muzzin "had a duty to inform healthcare about the severity of the beating" he received, and that she failed to do so intentionally, as a result of his failure to cooperate with her investigation of the incident. (ECF No. 1, PageID.11-12). Wagle's allegations against Defendant John Doe are that about two hours after Wagle's evaluation in the medical unit, Doe escorted him from a holding cell to segregation. On the way, Wagle informed Doe that he had "a lot of pain in [his] face and was feeling dizzy." (*Id*. at PageID.5). Doe told Wagle that he had already been to health care, and that he should talk to the nurse when she performed her rounds in segregation.

Deliberate indifference constitutes the "unnecessary and wanton infliction of pain" that may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Newsome v. Peterson*, 66 Fed. Appx. 550, 551 (6th Cir. 2003) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). Defendant Muzzin took Wagle to health care "immediately" after coming to speak with him after the altercation. (ECF No. 1,

12

PageID.4). Muzzin and Defendant Sattler (a nurse) asked essentially the same questions and obtained Wagle's answers about his injuries and the incident. (*Id*. at PageID.4-5). Wagle does not allege any act or omission that suggests Muzzin interfered with or delayed his access to health care. He has not established deliberate indifference on Muzzin's part, and she will be dismissed.

Doe, however, delayed treatment of Wagle's evident pain and dizziness. Wagle has stated a claim against Doe. *See Newsome*, 66 Fed. Appx. at 551 (a "relatively short duration of the denial" of migraine medication causing severe pain still stated a claim); *id.* (citing *Westlake*, 537 F.2d at 860) ("holding that a prisoner who suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering").

### D. Defendant Nurses Sattler and Magda

Wagle alleges that Defendant Sattler failed to place him under observation or refer him to someone who could diagnose and treat a concussion. It also does not appear that he was given any pain medication, ice, or other treatment by Sattler. Defendant Magda declined to act on Wagle's report of severe pain and dizziness. Wagle's head injury was an obvious serious need. Both defendant nurses delayed or denied care, resulting in him suffering pain needlessly, and in significant residual injury due to his subsequent fall.

Construing Wagle's allegations liberally and in a light most favorable to him, he has stated a claim for deliberate indifference as to the nurses' failure to treat his pain or see that he was properly diagnosed and treated. The suit may proceed against Defendants Sattler and Magda.

E.     **Motion for Appointment of Counsel**

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 261 (6th Cir. 1992). Except in rare circumstances, it is the practice of this court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided. In order to make the determination whether there are exceptional circumstances to appoint counsel, the court considers the type of case involved, a plaintiff's ability to represent himself, the complexity of the case, and whether the claims presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

Reading the complaint, it appears that Wagle has an adequate understanding of the issues and matters involved in this case and he is able to articulate the claims and arguments in a reasonable fashion. It also appears that the issues raised in his complaint are straightforward and understandable and not of an unduly complex

nature. Should dispositive motion(s) be decided in his favor, Wagle may re-file the motion for the appointment of counsel. At this time, however, the motion will be denied without prejudice.

## IV. CONCLUSION AND ORDER

**IT IS ORDERED THAT** Wagle's complaint is **DISMISSED** against Defendants McCarthy, Jane Doe, and Lt. Muzzin for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(a)(1), (b)(1), (b)(2). The suit may proceed against the remaining defendants.

**IT IS FURTHER ORDERED** that Wagle's motion for appointment of counsel (ECF No. 3) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

s/Stephanie Dawkins Davis
Stephanie Dawkins Davis
United States District Judge

Dated: August 10, 2020

### CERTIFICATE OF SERVICE

I certify that on August 10, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Eddie Wagle #23248, Macomb Correctional Facility, 34625 26 Mile Road, New Haven, MI 48048.

s/Tammy Hallwood
Case Manager
(810) 341-7887