**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**


EDDIE WAGLE,

               *Plaintiff,*

*v.*

CORIZON,
SHAY SATTLER,
JENNIFER MAGDA,
and JOHN DOE,

               *Defendants.*

_____/

CASE NO. 2:19-cv-13787

DISTRICT JUDGE MARK A. GOLDSMITH
MAGISTRATE JUDGE PATRICIA T. MORRIS


### ORDER GRANTING MOTION TO COMPEL DISCLOSURE OR DISCOVERY (ECF No. 66)

## I.    Introduction

Upon receiving a subpoena it finds objectionable, a nonparty has two options: it may either file a motion to quash the subpoena or it may send written objections to the issuing party. Here, after receiving a subpoena from Eddie Wagle, the MDOC availed itself of neither option, choosing instead to ignore the subpoena entirely. Wagle has now moved the Court to enforce the subpoena, and for the following reasons, his motion is **GRANTED**.

## II.      Background

Eddie Wagle is a Michigan prisoner who alleges that prison officials violated his

Eighth Amendment rights by ignoring a head injury he sustained after he was assaulted

by a group of inmates.  (ECF No. 1, PageID.4–8).  In early July, the Court issued a

scheduling order, setting the deadline for discovery as September 7, 2022.  (ECF No. 59).

Later that month, Wagle sent Jennifer Magda and Shay Sattler a document request, asking

that they produce photographs of his injuries and copies of any policies relevant to how

health employees should respond to injuries.  (ECF No. 66, PageID.375).  Magda and

Sattler declined to share these documents, explaining that they did not possess these

documents because they no longer worked for the MDOC.  Magda and Sattler sent their

objections to Wagle on August 5.  (ECF No. 68-3, PageID.426–28).

Because he could not obtain this discovery from Magda or Sattler, Wagle decided

to pursue this information by serving a subpoena on the MDOC.  (ECF No. 65,

PageID.366–67; ECF No. 66, PageID.385).  On August 16, Wagle moved the Court to

extend the discovery deadline so that he would have time to issue his subpoena (ECF No.

65), and on August 25, the clerk of court signed Wagle's subpoena which he served on

the MDOC on August 31.  (ECF No. 66, PageID.383–85).

This subpoena differed from Wagle's initial document request in a few important

respects.  First, while the document request sought photographs of Wagle taken on March

5 and March 6 of 2019, the subpoena also requested a photograph taken at a hospital on

March 14, 2019.  (*Id.* at PageID.375, 385).  The subpoena also dropped the requests for

copies of the MDOC's relevant policies and procedures, and instead requested "the log book page from March 5, 2019" at the prison, which Wagle hoped would help him identify the John Doe defendant. (*Id.*)

Around the time Wagle issued this subpoena, however, he served another subpoena on the MDOC which related to a different case in this Court (No. 5:21-cv-12281). (*Id.* at PageID.394–97). Apparently, these two subpoenas proved too much for the MDOC to handle. Rather than respond to each subpoena, the MDOC sent Wagle just one response which, although captioned as a response to the subpoena filed in this case, only addressed the requests made in the subpoena filed in 5:21-cv-12281.[1] (ECF No. 66, PageID.371, 390–93).

Lacking a substantive response, Wagle moved the Court to enforce the subpoena on September 20. A day later, the Court granted Wagle's motion to extend discovery and set a new deadline for November 7.

## II.  Discussion

Under Federal Rule of Civil Procedure 45, parties may issue subpoenas to obtain discovery from nonparties. A subpoena is a "mandate" issued "in the name of the court" to compel "the attendance of witnesses [or] the production of documents" from

---

[1] In neither this case nor 5:21-cv-12281 does the MDOC acknowledge this mix up. Although the MDOC filed a response brief, they do not contest Wagle's assertion that he *only* received a response to his subpoena in 5:21-cv-12281. (ECF No. 68). And curiously, while the MDOC acknowledges receiving the subpoena filed in this case, their entire brief centers on requests that Wagle only made in his document request. (*Id.*) At no point does the MDOC address Wagle's request for photographs or for log entries. (*Id.*)

nonparties.  9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2451 & n.2 (3d ed. 1998) (citing *United States v. Tennessee Walking Horse Breeders' and Exhibitors' Ass'n*, 727 F. App'x 119, 123 (6th Cir. 2018)).  Because a subpoena is a court order, recipients must comply with the subpoena unless they raise a proper (and successful) challenge.  9 Moore's Federal Practice § 45.62(2)(b) (Matthew Bender 3d ed. 2022).

A nonparty who receives a subpoena to produce documents or tangible items has just two "mechanisms by which to challenge the subpoena." *Sines v. Kessler*, 325 F.R.D. 563, 566 (E.D. La. May 17, 2018); *see also Judicial Watch, Inc. v. United Stated Dept. of Commerce*, 34 F. Supp. 2d 47 n.10 (D.D.C. 1998).  First, the nonparty may send objections to the issuing party within fourteen days or by the deadline provided in the subpoena, whichever is earlier.  Fed. R Civ. P. 45(d)(2)(B).  Upon receiving the nonparty's objections, the issuing party can move the court to enforce the subpoena.  Fed. R Civ. P. 45(d)(2)(B)(i).

Alternatively, the nonparty can challenge the subpoena by filing a motion to quash. Fed. R. Civ. P. 35(d)(3).  A motion to quash must be "timely," which most Courts interpret to mean "within the time set in the subpoena for compliance." *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 238 F. Supp. 2d 270, 278 (D.D.C. 2002) (citations omitted); *see also Estate of Ungar v. Palestinian Auth.*, 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006).

The issue here is that while the MDOC evidently opposed the subpoena, it did not pursue either mechanism for relief; instead, it simply ignored the substance of Wagle's subpoena. (*See* ECF No. 66, PageID.371, 388–93). By neglecting to file either a motion to quash or to raise objections in a timely manner, the MDOC has waived its right to challenge the subpoena. *Costco Wholesale Corp. v. Roma Designer Jewelry LLC*, No. 1:20-mc-00152-DCN, 2020 WL 5258226, at *3 (D. Idaho Sept. 2, 2020). The Court, accordingly, may issue an order to enforce the subpoena. *Infinite Energy, Inc. v. Catalyst Energy, LLC*, No.1:06-CV-2923-CAP, 2007 WL 9702595, at *1 (N.D. Ga. Dec. 12, 2007) ("When a subpoena is ignored or only partially complied with, the proponent of the subpoena looks to the court for enforcement."); *see also PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002).

Even so, the MDOC argues that it need not comply with the subpoena because Wagle filed his motion to enforce the subpoena after discovery ended. (ECF No. 68, PageID.410). But that is not true. Wagle filed his motion on September 20, and on September 21 (two weeks before the MDOC filed its response brief), the Court extended the discovery deadline to November 7. (ECF No. 66).

No matter, argues the MDOC, because in their view, even if the Court granted Wagle's motion to extend discovery,[2] extending the discovery deadline would only extend the deadline to conduct discovery, not to file discovery motions. (*Id.*) That is a

_____

[2] The MDOC mistakenly believed that Wagle's motion was still pending when they filed their brief. (ECF No. 68, PageID.410).

razor-thin distinction—and one that defies common sense.  An order extending discovery implicitly extends the deadline to file discovery motions, and nothing in Wagle's motion or the Court's order suggests otherwise.  (*See* ECF No. 66).  Accordingly, the MDOC shall comply with Wagle's subpoena.

## III.  Conclusion

For these reasons, **IT IS ORDERED** that Wagle's motion to compel (ECF No. 66) is **GRANTED**.  The MDOC shall supply the items requested in the subpoena found at (ECF No. 66, PageID.385) by December 1, 2022.  The MDOC is warned that the Court may impose sanctions under Fed. R. Civ. P. 45(g) if it disobeys either the subpoena or this order.  *See generally Fortin v. Comm'r*, 692 F.2d 790, 797–98 (1st Cir. 1982) (holding that avoidable fines for contempt against the State are not barred by the Eleventh Amendment); *Lee v. Walters*, 172 F.R.D. 421, 434 (D. Or. Apr. 10, 1997) ("[A]n exception has been carved from the Eleventh Amendment to allow the imposition of monetary sanctions against a state.").

Date: November 14, 2022                    S/ PATRICIA T. MORRIS
                                           Patricia T. Morris
                                           United States Magistrate Judge